Pearson, C. J.
 

 We
 
 are of opinion that this Court has no jurisdiction of a
 
 scire facias
 
 against bail,'in an action brought here by appeal, and in-which judgment has been rendered here against the principal.
 

 In support of this jurisdiction, two provisions by statute are relied on ; chap. 33, sec. 6., “ The Court shall have power to issue writs of
 
 certiorari, scire facias,
 
 &c., and all other writs necessary and proper for the-exercise of its jurisdiction,” and chap. 4, sec. 22 : “ In every<ease of appeal, the Superior Court shall render such, &c.,” * * “ and majr cause the same to be enforced b}1- any proper process.”
 

 These provisions, we think,-ei-iily embrace writs and other process, which, we think, are necessary and proper to enforce a judgment which this Court has
 
 previously rendered
 
 as a
 
 fieri facias
 
 or a
 
 scire facias,
 
 to have execution on a judgment, which has become dormant, and clearly do not apply to writs and other process, for the purpose of getting
 
 another judgment
 
 against persons who have not previously been before the Court, as is the ease of a
 
 sci/re fLicias
 
 against bail, against whom another judgment is asked for, not simply that execution may issue on the judgment previously rendered against the principal. So, that .-although it presupposes a judgment to have been rendered, yet, in respect to the bail, it is an original proceeding, and is so treated in the statute,
 
 *394
 
 chap.
 
 %
 
 sec. J: “ When a
 
 scwe facias
 
 against bail shall be returned, £ executed,5 they
 
 may appear and plead as in other
 
 eases, but the plea of
 
 non est factum
 
 shall not be received, unless verified by affidavit, filed with the plea.”
 

 In respect to prosecution, appeal and injunction bonds, there are express provisions that judgment may be rendered, on motion, b_y the Court, which renders the principal judgment in the case. In respect to bail-bonds, there is no such provision ; which furnishes a potent implication against the jurisdiction.
 

 It is settled, that a bail-bond is no part of the record ;
 
 Hamlin
 
 v. McNeil, 8 Ire. Rep. 172. So that, although the remedy by
 
 sci. fa.
 
 is given by statute,
 
 non
 
 constat, that it was the intention to affect, in any way, the question of jurisdiction ; and besides the consideration, that a court ought not to assume jurisdiction by implication, there is the further consideration, that to do so, in this instance, would involve the Court in much embarrassment as to the mode of proceeding; for the bail are allowed to appear and plead, “ as in other cases,” and if they plead “
 
 non est factum,”
 
 “ release,” “ surrender of the principal,” or any other matter
 
 in pais,
 
 on which issue is taken, how is the Court to proceed? It has no jury in attendance, and the omission of any provision for such a state of things, repels the idea of an intention to confer jurisdiction by implication.
 

 Our conclusion is supported by
 
 American Bible Society
 
 v.
 
 Hollister,
 
 1 Jones’ Eq. 13 ;
 
 Smith
 
 v.
 
 Cheek,
 
 5 Jones’ Rep. 213, where it is held that this’Court has no jurisdiction to allow a bill of revivor or issue a writ of error, because they are in the nature of original proceedings, and its jurisdiction is limited to cases brought before it by appeal at Law, and by appeal or removal in Equity. So it was necessary to confer the jurisdiction by express provision.
 

 It is also supported by the learning and authorities cited in Foster on
 
 Scire Facias,
 
 pages 11, 13, (73 Law Lib.) to which we were referred on the argument. The different kinds of
 
 scire facias
 
 are there classified : 1st. Those in con
 
 *395
 
 tinnance of a suit as a
 
 sci. fa.
 
 to have execution on a dormant judgment.
 

 2nd. Those which constitute an original! proceeding as a
 
 sci. fa.
 
 to repeal a patent.
 

 3rd. Those in the nature of an original; proceeding as a
 
 scire facias
 
 on a recognizance of bail'. Our ease being a
 
 sci* fa.
 
 on a bail-bond is, of course, more strictly a,n. original proceeding than a
 
 scire facias
 
 on a
 
 recognizance
 
 of bail, for the latter is a matter of record, while the other is a matter
 
 m
 
 pais, on which, at common law, the remedy was an action of debt; and the provision of the law, as it stood in the Revised 'Statutes, that bonds, payable to the sheriff, or the bail to the writ, should be assigned by the sheriff, by his endorsement, under seal, or should be considered as assigned by him. wheniiled, and not excepted to, as provided in the Revised. Code, and that the bail should be charged thereon by
 
 sai. fa.,
 
 does not take from the proceeding its character of an originalproeeeding against the bail, the- only change being, that, iaasmncli as the remedy against the bail to the writ was an action of debt, and that against- the bail to the action, was a
 
 scire facias
 
 after the. actual or implied assignment of the bond, executed to the sheriff, the remedy should be by
 
 scire facias.
 

 " Lastly, it is supported by the faot, that our “ old and experienced” clerk informs us no such writ has ever before been issued by him, c.r any'of his predecessors, so far as the papers of his office show. This proceeding, therefore, is of the first impression, and has no precedent to support it.
 

 Pejes CuetaM,,
 

 Motion to dismiss allowed.